Case: 1:22-mj-00203
Assigned To : Judge Harvey, G. Michael
Assign. Date : 9/12/2022
Description: Complaint w/ Arrest Warrant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **VIOLATIONS:** |
| | : | |
| **JOSEPH BRODY,** | : | **18 U.S.C. § 231(a)(3)** |
| **PAUL EWALD LOVLEY,** | : | **(Civil Disorder)** |
| **THOMAS CAREY,** | : | **18 U.S.C. § 111(a)(1)** |
| **GABRIEL CHASE, and** | : | **(Assaulting, Resisting, or Impeding** |
| **JON LIZAK** | : | **Certain Officers)** |
| | : | **18 U.S.C. § 1512(c)(2)** |
| **Defendants.** | : | **(Obstruction of an Official Proceeding)** |
| | : | **18 U.S.C. § 1752(a)(1)** |
| | : | **(Entering and Remaining in a Restricted** |
| | : | **Building or Grounds)** |
| | : | **18 U.S.C. § 1752(a)(2)** |
| | : | **(Disorderly and Disruptive Conduct in a** |
| | : | **Restricted Building or Grounds)** |
| | : | **40 U.S.C. § 5104(e)(2)(D)** |
| | : | **(Disorderly Conduct in** |
| | : | **a Capitol Building)** |
| | : | **40 U.S.C. § 5104(e)(2)(G)** |
| | : | **(Parading, Demonstrating, or Picketing in** |
| | : | **a Capitol Building)** |

**<u>MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>**

The United States of America, by and through the United States Attorney for the District of

Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrants

are executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest

Warrants in the above-captioned matter, this Motion and Supporting Memorandum, the proposed

Order attached to this Motion, and any Order granting this motion.   In support thereof, the

government states as follows:

1.      The United States is investigating allegations that Joseph Brody, Paul Ewald Lovely, Thomas Carey, Gabriel Chase, and Jon Lizak willfully and knowingly entered the United States Capitol on January 6, 2021 without legal authority, and participated in violent and disorderly conduct in violation of 18 U.S.C. §§ 111(a), 18 U.S.C. §§ 231(a)(3), 18 U.S.C. § 1512(c)(2), 18 U.S.C. §§ 1752(a)(1) and (2), and 40 U.S.C. § 5104(e)(2)(D) and (G).

2.      The Affidavit in Support of Criminal Complaint references evidence gathered in the course of the investigation.   The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendants, and could needlessly expose the statements of the identifying officer before the defendants have been apprehended.   The Government also anticipates imminently obtaining one or more search warrants for items believed to be in the defendants' possession.   Premature disclosure of the charging documents may risk hampering those efforts or lead to the destruction of evidence. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

3.      As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings.   But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'"   Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

4.      In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendants.   A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrants are not accessible from the Court's public files is

narrowly tailored to serve a compelling interest.

5.      Furthermore, the United States respectfully submits that complying with the normal notice requirements of <u>Washington Post</u> would defeat the purpose of the motion to seal.   Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrants, or a resulting sealing order, means that the defendants are charged with a crime, and the Government intends to arrest him.   Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrants.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrants, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052


By: */s/ Joseph H. Huynh*
       JOSEPH H. HUYNH
       D.C. Bar No. 495403
       Assistant United States Attorney
       (Detailed)
       601 D Street NW
       Washington, DC 20530
       Phone: (541) 465-6771
       Email: Joseph.Huynh @usdoj.gov